IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD BOSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04cv1141-M |
| | ) | [WO] |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

On 11 April 2005, the defendant filed a Motion to Remand (Doc. # 7) pursuant to sentence six of 42 U.S.C. § 405(g) (2004). In asserting good cause for the motion, the defendant states that the hearing before the Administrative Law Judge was not recorded, and, therefore, transcription of the hearing was not possible. The plaintiff responded to the motion with no objection.[1]  (Doc. # 9).

---

[1] In his response, the plaintiff informally requests the following:

1. that his "case be reviewed on the record if at all possible and if this is not possible that the plaintiff case be assigned to a different administrative law judge who has no bias in this action" [sic];
2. that any new hearing required be expedited; and
3. that "updated medical information" he claims to have provided be given great weight.

As an initial matter, the court declines to construe these informal requests as motions. Plaintiff is represented by counsel, who has failed to provide any legal authority either for making such requests or for guiding the court in determining whether granting such requests would be proper. The court nevertheless addresses them for purposes of edification.

The first request evidences a misunderstanding of what the defendant seeks to accomplish. In her motion, the defendant states, "Upon receipt of the Court's remand order, the

Sentence six of 42 U.S.C. § 405(g) authorizes the court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good cause before filing an answer. The Joint Conference Committee of Congress in reporting upon the Social Security Disability Amendments of 1980 set forth examples of what is considered "good cause" for remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record ...

H.R.Rep.No. 96-944, 96th Cong., 2d Sess. 59 (1980)); *see also Gamble v. Apfel*, 2001 WL

---

Appeals Council will remand this case to an Administrative Law Judge for a de novo hearing." (Doc. # 7, p. 2). Moreover, the premise for the remand is the lack of a hearing transcript. Thus, a hearing, as opposed to a review of the record, is certain.

The court is unaware of any legal authority empowering the court to order the defendant to reassign plaintiff's case to a different ALJ. In addition, the plaintiff has provided no evidence whatsoever in support of his claim that the ALJ is somehow biased.

As with the first request, the court is unaware of any authority, aside from constitutional due process protection, for ordering an executive agency to comply with judicially-imposed deadlines in carrying out its congressionally-mandated mission. The plaintiff does not allege a violation of his constitutional rights, and he provides no evidence to suggest that the administrative procedure thus far has proceeded at an unreasonable rate.

Finally, the court declines to order the defendant to assign any particular weight to evidence not before the court and that may or may not be a part of the record. Assuming the plaintiff is also asking the court to order the defendant to consider new evidence, the plaintiff has failed to offer any showing that the evidence is material or that he had good cause for failing to introduce such evidence at an earlier proceeding, as required by the Social Security Act. 42 U.S.C.A. § 405(g) (2004).

2

102344, No.CIV. A. 00-0646-RV-S, * at 1 (S.D.Ala. Jan. 5, 2001). The court notes that a remand under sentence six "is not a final judgment under the EAJA. . . ." ***Jackson v. Chater***, 99 F.3d 1086, 1095 (11th Cir. 1996).

Upon consideration of the motion and the above law, the court finds that the defendant has shown good cause for this matter to be remanded to the Commissioner for further proceedings. It is hereby ORDERED that:

    A.    The defendant's motion (Doc. # 7) be GRANTED.

    B.    This case be REMANDED for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), and for the reasons set forth in the defendant's motion (Doc. # 7).

Done this 15th day of June, 2005

        /s/ Vanzetta Penn McPherson
        VANZETTA PENN MCPHERSON
        UNITED STATES MAGISTRATE JUDGE